Case 2:06-cv-00341-FCD-DAD   Document 32   Filed 12/21/06   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA REGINA VIRGEN,                    No. CIV.S-06-0341 FCD DAD PS

     Plaintiff,

  v.                                   ORDER

SALLIE MAE, et al.,

     Defendants.
_____/

     This matter came before the court on November 3, 2006, for hearing on defendants' motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, proceeding pro se, appeared on her own behalf. J. Scott Alexander and Cathy A. Reynolds appeared on behalf of defendant Edfund, who in the alternative has moved for a more definite statement. Miriam E. Hiser appeared on behalf of defendants Sallie Mae, Inc. and General Revenue Corporation. Having considered all written materials submitted in connection with the motions, and after hearing oral

/////

1

argument, defendants' motions to dismiss will be granted and plaintiff's complaint will be dismissed with leave to amend.

As an initial matter, the court must address the status of the various defendants named in plaintiff's complaint.  Those defendants include: Sallie Mae, Edfund, Wendy Doyle, General Revenue Corporation, Enterprise Recovery Systems, CT Corporation Systems and North Shore Agency.  Defendants Enterprise Recovery Systems and North Shore Agency were previously dismissed upon plaintiff's request for voluntary dismissal.  Similarly, at the hearing on the pending motions plaintiff voluntarily requested the dismissal of defendants Wendy Doyle and CT Corporation Systems.  That request will be granted.  Therefore, the only remaining defendants in this action are the moving defendants presently before the court: Sallie Mae, General Revenue Corporation and Edfund.

Turning to the motions to dismiss, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable

2

1  inferences that can be drawn from them, in the light most favorable
2  to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73
3  (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
4  In a case where the plaintiff is pro se, the court has an obligation
5  to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026,
6  1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal
7  interpretation of a pro se complaint may not supply essential
8  elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d
9  469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska,
10  673 F.2d 266, 268 (9th Cir. 1982).

   This action arises from plaintiff's default on a student loan.  As discussed on the record during the hearing, the court has discerned two causes of action in plaintiff's complaint.  One cause of action asserts violations of the Higher Education Act ("HEA") and the other concerns the federal Fair Credit Reporting Act ("FCRA").

   Any claim which plaintiff seeks to bring under the HEA must be dismissed with prejudice since it is clear that there is no private right of action under that Act.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)("There is no express right of action under the HEA except for suits brought by or against the Secretary of Education.  See 20 U.S.C. § 1082(a)(2)."); see also McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002)(listing cases that found no express private right of action under the HEA).  Therefore, defendants' motions will be granted as to the HEA claim.

/////

3

       The motions also will be granted as to plaintiff's FCRA claim. Currently, the complaint does little more than reference the FCRA in general and an assortment of its provisions in particular. No discernible, cognizable claim is alleged. On the other hand, dismissal with leave to amend is in order as to that claim. As discussed during the hearing on the motions, the court has serious doubts as to whether plaintiff can allege any cognizable claim against the defendants under the FCRA, given the apparently undisputed facts leading to this lawsuit. Nonetheless, considering plaintiff's pro se status, her representations at the hearing that she prepared the initial complaint somewhat hastily, and the court's inability to look beyond the pleadings at this early stage, plaintiff will be given an opportunity to file an amended complaint setting forth her FCRA claim against defendants Sallie Mae, General Revenue Corporation and Edfund only.

       If plaintiff elects to amend her complaint and pursue this action, she is reminded to set forth the grounds upon which the court's jurisdiction depends. Moreover, the amended complaint must include clear and concise factual allegations describing the events which underlie her claim. Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make any amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the

initial complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Any amended pleading which fails to provide the necessary factual description will likely be dismissed.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants Wendy Doyle and CT Corporation Systems are dismissed pursuant to plaintiff's voluntary request;

2. The pending motions to dismiss are granted with leave to amend as to the intended FCRA claim against defendants Sallie Mae, General Revenue Corporation and Edfund only;

3. Plaintiff must file any amended complaint within thirty (30) days of the date of this order. Plaintiff is forewarned that the failure to file an amended complaint which complies with this order will result in a recommendation that this action be dismissed; and

4. The Status (Pretrial Scheduling) Conference set for January 19, 2007, at 11:00 a.m., is **vacated** and will be re-set as necessary following the filing of any amended complaint.

DATED: December 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\virgen0341.mtd.order

5