IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA REGINA VIRGEN,

    Plaintiff,   No. CIV S-06-0341 FCD DAD PS

    v.

SALLIE MAE, et al.,   FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    This matter came before the court on March 30, 2007, for hearing on the motion to dismiss or for more definite statement filed by defendants Sallie Mae, Inc. and General Revenue Corporation, and the motion to dismiss or for more definite statement filed by defendant Edfund. Plaintiff, proceeding pro se, appeared on her own behalf. Miriam Hiser appeared telephonically for defendants Sallie Mae, Inc. and General Revenue Corporation. John E. Fischer and Cathy A. Reynolds appeared for defendant Edfund. The parties' motions were taken under submission.

    Upon consideration of plaintiff's first amended complaint, the parties' arguments in open court, and all written materials submitted in connection with the parties' motions, the undersigned recommends that defendants' motions to dismiss be granted and this action be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

PROCEDURAL HISTORY

On February 17, 2006, plaintiff filed a complaint concerning her student loan. Plaintiff admitted that her loan was a valid obligation and that she did not repay the loan. She alleged that defendants Sallie Mae, Edfund, Wendie Doyle, General Revenue Corporation, Enterprise Recovery Systems, CT Corporation Systems, and North Shore Agency violated the Fair Credit Reporting Act (FCRA) and the Higher Education Act (HEA) in the collection process. Plaintiff requested that a negative report on her credit record be removed and that her $40,000 debt be eliminated entirely or reduced to $20,000.

Magistrate Judge Mueller denied plaintiff's application to proceed in forma pauperis. Plaintiff paid the filing fee on May 16, 2006.

In July 2006 plaintiff voluntarily dismissed defendants Enterprise Recovery Systems and North Shore Agency. In August 2006 defendants Sallie Mae and General Revenue Corporation filed their first motion to dismiss or for more definite statement. In the same month, defendant Edfund filed its first motion to dismiss or for more definite statement.

Magistrate Judge Mueller filed an order of recusal on September 28, 2006, and the case was reassigned to the undersigned.

Defendants' pending motions to dismiss were heard on November 3, 2006. By order filed December 21, 2006, defendants Wendie Doyle and CT Corporation Systems were dismissed at plaintiff's request, and the remaining defendants' motions to dismiss were granted. Plaintiff's claims under the HEA were dismissed with prejudice because there is no private right of action under the HEA. Plaintiff was granted leave to amend her FCRA claim. As explained in the December 21, 2006 order, plaintiff's original complaint

> does little more than reference the FCRA in general and an assortment of its provisions in particular. No discernible, cognizable claim is alleged. . . . [T]he court has serious doubts as to whether plaintiff can allege any cognizable claim against the defendants under FCRA, given the apparently undisputed facts leading to this lawsuit. Nonetheless, considering plaintiff's pro se status, her representations at the hearing that she prepared the

>   initial complaint somewhat hastily, and the court's inability to look beyond the pleadings at this early stage, plaintiff will be given an opportunity to file an amended complaint setting forth her FCRA claim against defendants Sallie Mae, General Revenue Corporation and Edfund only.

(Order filed Dec. 21, 2006, at 4.)  Plaintiff was cautioned that her amended complaint "must include clear and concise factual allegations describing the events which underlie her claim." (Id.)

Plaintiff filed her first amended complaint on January 17, 2007.  The motions now before the court were filed on February 7, 2007.

The court has not yet issued a scheduling order in this case.

STANDARDS FOR MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the entire complaint or any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court must accept as true all material allegations in the complaint and construe those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court must "presume that general allegations embrace those specific facts that are necessary to support the claim."  NOW, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). The court must resolve doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969), but need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A motion to dismiss for failure to state a claim should be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle her to relief. NOW, Inc., 510 U.S. at 256; Hishon, 467 U.S. at 73; Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

STANDARDS APPLICABLE TO MOTIONS FOR MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at unintelligibility rather than want of detail. See Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). The rule permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The function of such a motion is thus not to require the pleader to disclose details of the case, see Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979), or to provide the evidentiary material that may properly be obtained by discovery, see Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). A motion for more definite statement should be denied if the pleading provides a "short and plain statement" of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).

PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges in a conclusory manner that defendants Sallie Mae, General Revenue Corporation, and Edfund failed to apply student loan payments properly, engaged in

4

deceptive and abusive debt collection practices, acted negligently, engaged in a conspiracy, and failed to acknowledge that plaintiff disputes the amount due on her loan.  Plaintiff alleges generally that all three defendants are subject to suit under the FCRA and the Fair Debt Collection Practices Act (FDCPA).  In violation of the court's order dismissing plaintiff's HEA claim with prejudice, plaintiff realleges violations of the HEA.  Plaintiff seeks unspecified damages and declaratory relief.

Allegations that may pertain to plaintiff's FCRA and FDCPA claims are as follows:  General Revenue Corporation violated 15 U.S.C. § 1692g(a)(3) with regard to the amount for which Edfund acquired plaintiff's debt from Sallie Mae in 2005; in 2006, an Edfund customer service representative violated 15 U.S.C. § 1692e(5) by telling plaintiff her wages would be garnished if she did not make payments on her loan; the Edfund representative's threat of imminent garnishment and his accusations of irresponsibility and negligence violated unspecified provisions of the FDCPA prohibiting threats and deceptive or misleading representations; in September 2005, Edfund failed to cease collection actions when plaintiff "asked if Edfund could send her Sallie Mae records"; Edfund deleted information from plaintiff's credit record and reinserted information without certifying that it was correct, as required by FCRA § 611(a)(5)(B)(I); in 2006, an Edfund representative violated FDCPA § 1692(g) by offering to refinance plaintiff's loan despite the fact that Edfund still had not provided plaintiff with verification of the amount of her debt.  (Pl.'s First Am. Compl.)

## THE PARTIES ARGUMENTS

I. Defendants' Motions

    A.  Defendants Sallie Mae, Inc. and General Revenue Corporation

Defendants Sallie Mae, Inc. and General Revenue Corporation contend that plaintiff's first amended complaint ignores each admonition in the court's December 21, 2006 order because plaintiff again brings a claim under the HEA, again attempts to bring a claim under the FCRA but fails to allege the elements necessary to that cause of action, and fails to state any

other actionable claim.  Defendants ask the court to dismiss the first amended complaint and to impose sanctions for having realleged a claim that was dismissed with prejudice.

Defendants state that the first amended complaint does not cite the FCRA provisions referenced in plaintiff's original complaint but substitutes a conclusory allegation that defendants "are subject to suit under Federal Fair Credit Reporting Act" and a citation to "611(a)(5)(B)(I)" in connection with plaintiff's contention that information deleted from a consumer's file cannot be reinserted unless the person furnishing the information certifies that the information is accurate.  (Defs.' Mot. to Dismiss at 3 (citing First Amended Compl. at 2 & 9).)  Defendants assert that the court previously found plaintiff's original allegations insufficient to state a claim under FCRA and that, instead of curing the defect by augmenting her insufficient allegations, plaintiff has presented vague and conclusory allegations.

Defendants argue that the only private right of action that can be brought against a furnisher of credit information under the FCRA exists under 15 U.S.C. § 1681s-2(b), which requires the consumer to allege that she informed a credit reporting agency of allegedly incorrect information and that the furnisher of the information, upon receipt of notice from the credit reporting agency, failed to conduct a reasonable investigation and report its results to the credit reporting agency.  Defendants point to plaintiff's allegations that she assumed her student loan was on her credit report and therefore sent a letter to Equifax instructing it to remove the student loan from her record, but Equifax did not respond.  Defendants contend that plaintiff's allegations fail to state a FCRA claim under 15 U.S.C. § 1681s-2(b) and that her FCRA claim should be dismissed with prejudice.

Turning to plaintiff's citation to the FDCPA, defendants argue that plaintiff's first amended complaint fails to state a cause of action for any violation of that statute.  Defendants assert that the amended complaint contains no charging allegations against defendant Sallie Mae under the FDCPA and that the charging allegations against defendant General Revenue Corporation contradict the existence of a claim under the FDCPA.  Defendants cite plaintiff's

admissions that (1) she received a letter from General Revenue Corporation giving her written notice that, unless she disputed the validity of the debt or any portion thereof within thirty days after receiving the notice, the debt would be assumed to be valid by the debt collector, (2) she did not dispute the validity of the debt within thirty days, and (3) she herself believed it was too late to dispute the debt after thirty days passed and therefore did not even try to dispute it. Defendants argue that these admissions preclude a claim that General Revenue Corporation violated 15 U.S.C. § 1692g(a)(3).  Defendants argue further that plaintiff cannot state a claim under 15 U.S.C. § 1692g(b) because no claim can be brought under that section unless the consumer provided the debt collector with written notification of a dispute within thirty days after receipt of the initial notice of the debt, and plaintiff's own allegations demonstrate that she did not provide General Revenue Corporation with written notification of a dispute and did not provide any kind of notification within thirty days after receiving the initial notice.

        Defendants contend that plaintiff has had more than sufficient time to allege any possible claim she might have against them and therefore all claims should be dismissed without leave to amend.

    B.  <u>Defendant Edfund</u>

        Defendant Edfund seeks dismissal of plaintiff's first amended complaint on the grounds that (1) most of plaintiff's allegations are barred because there is no private right of action under the HEA, (2) Edfund is not a debt collector for purposes of the FDCPA, (3) plaintiff did not report any irregularity to a credit reporting agency, as required for a claim under the FCRA, and (4) the pleading is unintelligible as to any other claim against defendant Edfund. Defendant contends plaintiff's claims against it should be dismissed with prejudice because plaintiff has demonstrated her inability to allege any claim for relief against defendant Edfund.

        With regard to plaintiff's FDCPA claim, defendant Edfund explains that it is a guaranty agent operating under the Federal Family Education Loan Program (FFELP) and, as such an agent, was a guarantor of plaintiff's federally insured student loan obligation.  Upon

7

plaintiff's default on her loan, Edfund was required under the HEA to pay the lender's claim and attempt to collect on the defaulted debt.

Defendant argues that the FDCPA is applicable only to "debt collectors," defined by the statute as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due to another.

15 U.S.C. § 1692a(6). The statutory definition excludes "[a]ny officer or employee of the United States or any state to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). The definition also excludes "[a]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F).

Defendant asserts that the Ninth Circuit has recognized the application of the FDCPA "government actor" exception to individual government officials and employees who collect debt as part of their government employment responsibilities, although the court has held that the government actor exemption does not apply to private guaranty agencies. (Def. Edfund's Second Mot. to Dismiss at 6 (citing Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260, 1263 (9th Cir. 1996).) Defendant contends that it is an auxiliary corporation of a state agency, the California Student Aid Commission, created pursuant to California Education Code § 69522, and is not subject to liability under the government actor exception.

Defendant contends that it is also exempt from liability under the exception for bona fide fiduciaries. Defendant asserts that, with respect to funds collected from defaulted borrowers on FFELP loans, it acts in the capacity of a fiduciary of the United States Department of Education. Defendant cites a federal regulation requiring the guaranty agency to "exercise the level of care required of the fiduciary charged with the duty of investing the money of others

when it invests the assets of the reserve fund." 34 C.F.R. 682.410(a)(5).  Defendant also cites favorable district court decisions.

Defendant asserts further that plaintiff's own allegations demonstrate her failure to contact any credit reporting agency upon noting an alleged error in the report defendant submitted to a credit reporting agency about plaintiff's student loan.  Defendant argues that plaintiff cannot state a FCRA claim on these facts because a private right of action against a furnisher of credit arises only if the consumer provides notice of an alleged error to a credit reporting agency.

Finally, defendant points to the list of claims included in the caption of plaintiff's first amended complaint:  failure to accurately credit account, negligence, failure to cease collection during investigation of disputed amount, false and misleading statements, failure to determine hardship, credit collection abuse, and declaratory relief.  Defendant argue that the listed claims do not relate to any factual allegations against defendant Edfund.  Defendant Edfund therefore concludes that plaintiff has not articulated any cognizable claim against it.

II. Plaintiff's Opposition

Plaintiff denies alleging an HEA claim and asserts that her complaint is about "the amount of the loan and the handling of the loan" and "violation of fundamental principles that transcends the realm of student loans and education finance to all financial transactions." Plaintiff argues that she has never "admitted to defaulting on an accurate loan," asserts that she "need[s] the court to determine the amount, if any owed," and asks for leave to amend her pleading a second time.

Plaintiff reveals that her claim for declaratory relief concerns defendant Sallie Mae and its alleged failure to accurately credit her payments.  Although it appears that plaintiff is in possession of her Sallie Mae payment records, she makes no showing that she can amend her complaint to allege facts that support her conclusory claim that Sallie Mae did not properly credit her loan payments during the time she was receiving the benefits of the APLE scholarship.

1   Plaintiff contends erroneously that she is entitled to "declaratory judgment on the pleadings"
2   pursuant to Fed. R. Civ. P. 12(c) based solely on her own pleading.

3         Plaintiff appears to argue that she is stating a claim of negligence against
4   defendant Edfund on the basis of alleged violations of the HEA. She asserts that she has not
5   alleged HEA violations "as a claim" but merely "for background knowledge" to support other
6   claims.

7         In one of several sections titled "Negligence," plaintiff discusses the FCRA. She
8   complains of the conduct of a non-party and justifies her failure to cite specific FCRA provisions
9   in her first amended complaint by stating that she expected defendants' attorneys to read the
10  entire statute and figure it out themselves. Plaintiff argues vaguely that all defendants neglected
11  to address her concerns and compelled her to bring their negligence to the court's attention.

12        In another section titled "Negligence," plaintiff asserts that she told General
13  Revenue Corporation she did not agree with the amount of her loan balance and believed she
14  owed no money to Sallie Mae. Plaintiff claims that, under the less sophisticated borrower rule,
15  her oral assertion of a dispute was sufficient to require defendant General Revenue Corporation
16  to inform defendant Edfund that the amount of the debt was disputed. Plaintiff argues that
17  defendant General Revenue Corporation violated the FDCPA, 15 U.S.C. § 1692g(a)(3), by
18  failing to inform Edfund of the dispute. Plaintiff argues that she is entitled to damages under 15
19  U.S.C. § 1692k(a).

20        With regard to the alleged failure to cease collection during the investigation of a
21  disputed amount, plaintiff argues that defendant Edfund should have stopped collections after she
22  informed the defendant in September 2005 that she did not agree with the amount of the debt and
23  subsequently asked if Edfund could send her copies of her Sallie Mae records. Plaintiff asserts
24  that these constitute HEA violations and a violation of "1692(g) of the FDCPA."

25        With regard to the alleged failure to determine a hardship, plaintiff appears to
26  merge this claim with her claim of false and misleading statements. She offers several pages of

frivolous arguments concerning HEA violations, while repeating over and over "no claim implied." Plaintiff concludes the hardship section with an argument that false and misleading representations were made, causing her to believe she had to keep paying interest on her debt. She contends that defendant Edfund violated 15 U.S.C. § 1692e, entitling her to damages and injunctive relief under 15 U.S.C. § 1692d.

Plaintiff argues that her claim of credit collection abuse by defendant Edfund states a claim under the FDCPA because Edfund's representative threatened actions that "were clearly not intended to be taken by defendants, at least not within the time frame threatened." She contends that she is entitled to punitive damages on this claim.

Plaintiff concludes with a lengthy argument in opposition to defendant Edfund's assertion that it is exempt from the FDCPA. Plaintiff argues that Edfund, as a private guaranty agency under contract with the federal Department of Education to guarantee student loans, is not a government actor and is a debt collector subject to the FDCPA.

III. Defendants' Replies

   A. Defendants Sallie Mae, Inc. and General Revenue Corporation

Defendants argue that plaintiff continues to litigate HEA claims by alleging HEA violations, purportedly as background, and then arguing that those violations constitute violations of other statutes. Defendants cite several example, including plaintiff's argument that defendant Sallie Mae, Inc. failed to apply payments properly, a claim that would arise, if at all, under the HEA.

Defendants observe that plaintiff's opposition conflates her claim of negligence with a claim for violation of the FCRA. Defendants reiterate that the only private right of action that can be brought against a furnisher of credit information under the FCRA exists under 15 U.S.C. § 1681s-2(b) and that plaintiff has failed to allege facts that state such a claim.

Defendants note that plaintiff now suggests that most of her claims arise under the FDCPA, yet she fails to address defendants' contentions that she has not alleged any FDCPA

claim against Sallie Mae and cannot state an FDCPA claim against General Revenue Corporation because she did not make a timely written request for verification of her debt.  Defendants object to plaintiff's attempt to add a claim under 15 U.S.C. § 1692e(8) where there is no allegation in the first amended complaint that any defendant communicated false information to a credit bureau.

        Defendants conclude that plaintiff should not be granted leave to amend after failing to state any valid claim against any defendant on her second attempt to do so.

    B.   Defendant Edfund

        Defendant Edfund states that plaintiff's opposition clarifies that all claims against defendant Edfund are based on alleged violations of the FDCPA.  Defendant notes that plaintiff's opposition addresses the government actor exemption but fails to address the bona fide fiduciary exemption.  Defendant argues that the court in Brannan did not consider the argument advanced here and by the defendant in Pelfrey v. Educational Credit Management Corp., 71 F. Supp. 2d 1161 (N.D. Ala. 1999), that a guaranty agency operating pursuant to regulations promulgated under the HEA pursuant to the FFELP is exempt from liability under the FDCPA because the agency's effort to collect a debt is "incidental to a bona fide fiduciary obligation."  Defendant requests that the first amended complaint be dismissed with prejudice as to the FDCPA claim against defendant Edfund.

DISCUSSION

        The HEA claim alleged in plaintiff's original complaint was dismissed with prejudice because there is no private right of action under the HEA.  20 U.S.C. § 1082(a)(2); Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) ("There is no express right of action under the HEA except for suits brought by or against the Secretary of Education."); see also McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002) (listing cases that found no express private right of action under the HEA).  In violation of the court's December 21, 2006 order, plaintiff has alleged HEA violations in her first amended

complaint. Plaintiff's argument that she alleged violations of the HEA merely as "background knowledge" is unpersuasive because the alleged violations do not support a claim under any other statute and do not provide any background applicable to other federal claims. The alleged violations of HEA provisions are irrelevant and will be disregarded.

The FCRA claim alleged in plaintiff's original complaint was dismissed with leave to amend. In the first amended complaint, plaintiff alleges that all defendants are subject to FCRA, that information deleted from a consumer's file cannot be reinserted unless the person furnishing the information certifies that the information is accurate, and that Equifax did not respond to plaintiff's letter concerning removal of her student loan from her credit record. Plaintiff's FCRA claim is founded on the assumption that her student loan was on her credit report at some point. She infers that the loan was deleted from her record at one time and was subsequently "reinserted" on her record by defendant Edfund without certifying that the information was accurate. A private right of action exists under 15 U.S.C. § 1681s-2(b) only if the consumer informs a credit reporting agency of incorrect information on the consumer's credit report and then the furnisher of the information, upon receipt of notice from the credit reporting agency, fails to conduct a reasonable investigation and report back to the credit reporting agency. Plaintiff's allegations fail to state a claim against any defendant under § 1681s-2(b). The FCRA claim should be dismissed with prejudice as to all defendants because plaintiff's own allegations and arguments demonstrate that she cannot cure the defects of the claim.

Plaintiff has attempted to state a claim under the FDCPA based on the allegation that she disputes the amount of her debt. Plaintiff has alleged no facts that implicate defendant Sallie Mae, Inc. in this claim. With regard to defendant General Revenue Corporation, plaintiff's allegations include admissions that she received written notice of the amount of debt asserted by defendant General Revenue Corporation and did not dispute the validity of the debt in writing within thirty days. Plaintiff's first amended complaint therefore fails to state a claim under 15

/////

U.S.C. § 1692g(a)(3) or 15 U.S.C. § 1692g(b).  Plaintiff's admissions demonstrate that the defects of the FCRA claim cannot be cured by amendment.

With regard to defendant Edfund, the undersigned finds that defendant falls within the general definition of "debt collector" as set forth in the FDCPA, 15 U.S.C. § 1692a(6), and is not a government actor for purposes of the exemption provided by § 1692a(6)(C).  See Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260, 1263 (9th Cir. 1996) (holding that the government actor exemption "applies only to an individual government official or employee who collects debts as part of his government employment responsibilities" and a private nonprofit organization with a government contract is not a government agency or employee).

The Ninth Circuit has not considered whether the fiduciary exemption provided by § 1692a(6)(F) is applicable to private non-profit guaranty agencies.  A district court in this circuit and district courts in other circuits have held that the exemption does apply to such agencies.  See Rowe v. Educ. Credit Mgmt. Corp., 465 F. Supp. 2d 1101, 1103 (D. Or. 2006) (holding that the defendant, a non-profit student loan guarantor agency, is a fiduciary to the United States Department of Education and subject to FDCPA's "fiduciary obligation" exception through operation of the regulations that govern the FFELP); Seals v. Nat'l Student Loan Program, No. Civ. A.5:02 CV 101, 2004 WL 3314948, at *4 (N.D. W. Va. Aug. 16, 2004) (applying the fiduciary exemption to a non-profit student loan guaranty agency), aff'd, 124 F. App'x 182 (4th Cir. 2005); Montgomery v. Educ. Credit Mgmt. Corp., 238 B.R. 806, 810 (D. Minn. 1999) (deciding that non-profit student loan guaranty agency acts incident to a fiduciary obligation when attempting to collect on a defaulted student loan and is exempt from FDCPA); Pelfrey v. Educ. Credit Mgmt. Corp., 71 F. Supp. 2d 1161, 1179-80 (N.D. Ala. 1999) (finding non-profit student loan guaranty agency exempt from the FDCPA), aff'd, 208 F.3d 945 (11th Cir. 2000); Davis v. United Student Aid Funds, Inc., 45 F. Supp. 2d 1104, 1109 (D. Kan. 1998) (holding that the defendant, a non-profit student loan guaranty agency, owes a fiduciary duty to Secretary of Education and fits within the fiduciary exemption to the FDCPA).  The reasoning of

these cases is persuasive. The undersigned finds that defendant Edfund fits within the fiduciary exemption to the FDCPA and plaintiff's FDCPA claim should also be dismissed with prejudice.

Plaintiff's first amended complaint fails to state any federal claim upon which relief may be granted. Defendants' motions to dismiss the first amended complaint should therefore be granted. The remaining consideration is whether the pleading should be dismissed without leave to amend, as defendants request, or whether plaintiff should be granted leave to amend a second time, as she requests in opposition to defendants' motions.

Plaintiff has not indicated what claims she would seek to bring if permitted to amend a second time. As set forth in these findings and recommendations, plaintiff's own allegations and admissions demonstrate that she cannot cure the defects of her FCRA and FDCPA claims. Her HEA claim has already been dismissed with prejudice. The first amended complaint does not suggest any other federal claim that plaintiff could state if permitted to amend a second time. Indeed, the first amended complaint demonstrates plaintiff's inability or unwillingness to omit claims that have been dismissed with prejudice.

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Prejudice to the opposing party is the most important factor. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-331 (1971) and 6 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure: Civil 2d § 1487 (1990)). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In the instant case, it would be futile to grant plaintiff leave to file a second amended complaint, and it would be prejudicial to defendants to require them to defend a third time against the same defective claims. The undersigned will recommend that defendants' motions to dismiss be granted without

/////

leave to amend. The request to impose sanctions on plaintiff for realleging HEA claims will be denied in light of the recommendation that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The February 7, 2007 motion to dismiss filed by defendants Sallie Mae, Inc. and General Revenue Corporation be granted and their motion in the alternative for more definite statement be denied as moot;

2. Defendant Edfund's February 7, 2007 motion to dismiss be granted and its motion in the alternative for more definite statement be denied as moot;

3. To the extent that plaintiff has alleged any supplemental state claim not preempted by the federal statutes relied upon by plaintiff, all state claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3); and

4. This action be dismissed with prejudice for failure to state any claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **ten** (10) days after being served with these findings and recommendations, any party may file and serve written objections with the court. Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within **ten** (10) days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\virgen0341.mtd2.f&r